**KENTUCKY BAR ASSOCIATION,**
Complainant,

v.

**Michael VESCIO, KBA Member # 83894, Respondent.**

No. 2006–SC–000087–KB.

Supreme Court of Kentucky.

April 20, 2006.

———

Bruce K. Davis, Executive Director, Kentucky Bar Association, Jenny Dawson Lafferty, Kentucky Bar Association, Frankfort, Counsel for Complainant.

Michael Vescio, Lexington, Respondent pro se.

## OPINION AND ORDER

The Respondent, Michael Vescio, KBA Member # 83894 was admitted to practice law in the Commonwealth of Kentucky in 1991. His bar roster and last known office address is 101 W. Short Street, Suite 300, Lexington, Kentucky 40507.

Mr. Vescio has three files with the Kentucky Bar Association, KBA files 11478, 11707, and 12499. The KBA Board of Governors consolidated proceedings for consideration. The statements of the charges for each of the files are set forth below.

### KBA File Number 11478

Mr. Vescio was charged with eight (8) counts of violations under the Kentucky Supreme Court Rules as set forth below:

Count I  SCR 3.130–1.3 lack of diligence

Count II  SCR 3.130–1.4(a) lack of adequate communication with a client

Count III  SCR 3.130–1.15(b) failure to properly hold funds belonging to the client

Count IV  SCR 3.130–1.16(d) failure to protect client interest and return unearned fees upon termination of representation

Count V  SCR 3.130–1.2(a) failure to abide by client's decision

Count VI  SCR 3.130–1.16(a)(3) failure to properly withdraw from representation

Count VII  SCR 3.130–3.3(a) failure to be candid with the tribunal

Count VIII  SCR 3.130–8.3(c) conduct involving deceit, dishonesty, fraud, or misrepresentation

A roll call vote was taken as to the guilt or innocence of Mr. Vescio regarding these charges and the outcome was as follows: 1) counts I and II, twenty (20) votes for guilty with one abstaining; 2) counts III,

IV, V, VI, and VII, nineteen (19) votes for guilty, one (1) vote for not guilty with one abstaining; and 3) count VIII, fifteen (15) votes for guilty, five (5) not guilty, with one abstaining.

*Factual Background*

On or about March 25, 2003, Nathaniel Mayhall paid Mr. Vescio a retainer in the amount of $500.00 to file a motion for reduction of child support in the Fayette Circuit Court. There was no communication between Mr. Vescio and Mr. Mayhall until June 11, 2003, when, for the first time, he advised Mr. Mayhall that he needed to submit pay stubs before the motion for child reduction could be filed. On June 12, 2003, Mr. Mayhall mailed Mr. Vescio his pay stubs and requested a copy of the motion be forwarded to him when it was filed. On June 23, 2003, Mr. Vescio cashed the retainer check.

Then, on June 25, 2003, he filed the motion to reduce child support. However, he did not send a copy of the motion to Mr. Mayhall. An order was entered on July 30, 2003 granting Mr. Vescio's motion because Mr. Mayhall's ex-wife did not respond.

Mr. Mayhall received a copy of the order and realized that the wrong attorney was noticed for his ex-wife. On August 5, 2003, he sent a letter to Mr. Vescio informing him of the error on the motion and asked for a statement showing the time Mr. Vescio had spent on his case. Mr. Mayhall was unable to get in contact with Mr. Vescio until September 27, 2003. At that time, Mr. Vescio claimed he did not know of the mistake and told Mr. Mayhall he would call him back. Mr. Vescio did not contact Mr. Mayhall again.

On October 2, 2003, Mr. Mayhall sent a letter to Mr. Vescio discharging him as his attorney. However, on October 10, 2003, Mr. Vescio filed a re-notice of motion to reduce child support, providing proper notice to the ex-wife's attorney. The motion was sustained.

Additionally, Mr. Vescio refused to refund any of the $500.00. He told Mr. Mayhall that the money was a flat fee, and, furthermore, that he spent at least four hours working on the case (an amount that still equals less than $500.00 since Mr. Vescio originally said his fee was $120.00 an hour).

Accordingly, Mr. Mayhall filed a complaint against Mr. Vescio with the Kentucky Bar Association. Mr. Vescio acknowledged receipt of the complaint on March 19, 2004 and requested an extension of time to file a response.

Mr. Vescio filed a response to the bar complaint on April 27, 2004. He stated in his response that he was embarrassed by the mistakes he made during his representation of Mr. Mayhall and was not pleased to find that Mr. Mayhall was dissatisfied with his representation. Even though he admits to making mistakes during his representation of Mr. Mayhall, he emphasizes that the result Mr. Mayhall requested was accomplished. Also, Mr. Vescio stated that clients seem to be unwilling to pay when all of his services are completed. Therefore, he claims, a flat fee is charged for all of his services. He apologized to the members of the Bar and Mr. Mayhall and welcomed suggestions or training to assist him in eliminating this sort of dissatisfaction from happening again.

Eventually, on September 28, 2005, the charge was issued by the Inquiry Commission, and Mr. Vescio was served with the charge on October 11, 2005. Regardless of his being served, he has not filed an answer or communicated with the Bar Association about the charge.

### KBA File Number 11707

Mr. Vescio was charged with two counts of violations under the Kentucky Supreme Court Rules, being charged as follows:

Count I  SCR 3.130–1.3 lack of diligence

Count II  SCR 3.130–1.4(a) lack of adequate communication with client

A roll call vote was taken as to his guilt or innocence of the charges and the outcome was as follows: 1) count I, seven (7) votes for guilty and thirteen (13) votes for not guilty with one abstaining; and 2) count II, nine (9) votes for guilty and eleven (11) votes for not guilty with one abstaining.

*Factual Background*

Mr. Vescio was retained by Mrs. Branum and her husband to handle their divorce.  On April 11, 2003, the parties signed a separation agreement and joint petition for dissolution of marriage.  However, Mr. Vescio did not file the joint petition until July 28, 2003.

Mrs. Branum filed a bar complaint because she was dissatisfied with the manner that Mr. Vescio was handling her divorce.  On or about April 22, 2004, a copy of the bar complaint was served on Mr. Vescio.  He acknowledged receipt and requested an extension of time to respond.  On June 8, 2004, Mr. Vescio filed a response.  The same day, he requested copies of pay stubs from Mrs. Branum and filed a motion with the court.

The charge was issued by the Inquiry Commission on June 8, 2005 and Mr. Vescio was served with the charge on July 15, 2005.  He has not filed an answer to the charge nor has he communicated with the Bar Association in any way regarding this matter.

## KBA File Number 12499

Mr. Vescio was charged with four violations of the Kentucky Supreme Court Rules as set forth below:

Count I  SCR 3.130–1.15(b) failure to properly hold funds belonging to third-party

Count II  SCR 3.130–4.4 using means to embarrass, delay, or burden a third-party

County III  SCR 3.130–8.3(c) conduct involving dishonesty, deceit, fraud or misrepresentation

Count IV  SCR 3.130–8.1(b) failure to file response to bar complaint as an inquiry from a disciplinary authority

A roll call vote was taken as to the charges against Mr. Vescio and the outcome was unanimous; twenty-one votes of guilty to all the charges, with none abstaining from the vote.

*Factual Background*

Mr. Vescio represented a criminal defendant, Gary Campbell, in two misdemeanor cases in the Fayette District Court.  Campbell's mother, Ms. Boger, posted two bonds on behalf of her son, one in the amount of $3500.00 and the second $7500.00, totaling $11,000.00.

Ms. Boger requested that the bond money be returned to her.  But, Mr. Vescio advised her that because she had waited too long, the court would retain the money unless she assigned it over to an attorney.  Therefore, Mr. Vescio prepared two bond assignments to retrieve her money.  However, Mr. Vescio did not return any of the money to Ms. Boger even though none of the bond money was designated for legal fees.

Ms. Boger claimed that Mr. Vescio told her that he had issued a check to her son for the first bond, $3500.00, but did not account for the remaining $7500.00.  Mr. Campbell is now deceased and there is no record to reflect whether Mr. Vescio actually gave the $3500.00 to Campbell or retained the funds for himself.  However, the KBA asserts in its motion that there is

no dispute that Mr. Vescio kept the $7500.00 of Ms. Boger's money without any justification.

Ultimately, Ms. Boger filed a complaint with the KBA. Mr. Vescio acknowledged receipt of the complaint and requested an extension of time to respond, in which he was given until March 10, 2005. On March 11, 2005 a warning letter was sent to Mr. Vescio when no response had been filed. On March 21, 2005, acknowledgment of that letter was received by telephone. Subsequently, on March 28, 2005, Mr. Vescio filed a motion for an extension of time and was given until April 21, 2005 to file a response. However, Mr. Vescio has never filed a response to the complaint.

On July 15, 2005, the Inquiry Commission issued this charge. Mr. Vescio was served on August 4, 2005. On August 31, 2005, a certified letter was sent to Mr. Vescio stating the expiration of his time to file an answer, but Mr. Vescio did not claim the letter and it was returned. No reason or justification has been given for Mr. Vescio's failure to file and answer the bar complaint or the Inquiry Commission's charge. Also, Mr. Vescio has not communicated with the Bar Association with regards to these charges.

### Recommendations of sanctions

As stated previously, these cases were consolidated by the KBA Board of Governors for consideration. Prior discipline of Mr. Vescio was considered. This included a private admonition in February of 2005 for lack of diligence and adequate communication with his client.

A roll call vote was taken as to the discipline to be administered based on the findings of facts in the three KBA files set forth hereinabove. The vote was to recommend that Mr. Vescio be permanently disbarred and the matter regarding Ms. Boger's bond money be referred to the Commonwealth's Attorney's office. The vote was as follows, with none abstaining from the vote:

| | |
|---|---|
| **Permanent Disbarment with referral to the Commonwealth's Attorney:** | **11** |
| Five-year suspension and restitution of Ms. Boger's $11,000.00: | 10 |

Therefore, the Kentucky Bar Association recommended to this Court that the Mr. Vescio be permanently disbarred from the practice of law, and that the matter regarding the misappropriation of Ms. Boger's money be referred to the Commonwealth's Attorney.

After careful consideration of the relevant facts and the KBA's recommendations, this Court orders that Mr. Vescio be permanently disbarred from the practice of law and the matter regarding Ms. Boger's bond money be referred to the Commonwealth's Attorney's office. Thus, it is ordered that:

1) Mr. Vescio is permanently disbarred from the practice of law in the Commonwealth of Kentucky, effective immediately upon entry of this order;

2) The matter regarding Ms. Boger's $11,000.00 be referred to the Commonwealth's Attorney's office; and

3) Mr. Vescio shall pay the certification of costs in the amounts of $109.09, $97.57 and $97.93, totaling $304.59 for which execution may issue from this Court upon finality of the Opinion and Order.

All concur.

ENTERED: April 20, 2006

/s/ Joseph E. Lambert
   Chief Justice